UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>W. L. MUNIZ, Acting Warden,<br><br>    Respondent. | Case No. 14-cv-04497-YGR (PR)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS; REINSTATING ORDER TO SHOW CAUSE; AND DENYING PETITIONER'S MOTION FOR DISCOVERY AND EVIDENTIARY HEARING** |

Petitioner, a state prisoner proceeding *pro se*, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. In an Order dated November 17, 2104, the Court issued its Order to Show Cause. Dkt. 7.

Respondent has moved to dismiss the petition as successive under 28 U.S.C. § 2244(b). Dkt. 13. Petitioner opposes the motion to dismiss, and Respondent has filed a reply to the opposition.

Petitioner has also filed a motion for discovery and an evidentiary hearing. Dkt. 3.

For the reasons discussed below, the Court DENIES Respondent's motion to dismiss without prejudice to renewing the motion to address the issue below. The Court also DENIES without prejudice Petitioner's motion for discovery and an evidentiary hearing.

**BACKGROUND**

In 1995, Petitioner was sentenced to fifty-six years to life in state prison, following his conviction of conspiracy to commit first degree murder and attempted first degree murder.

Thereafter, Petitioner unsuccessfully pursued direct and collateral review in state court. However, the Court need not detail his state post-conviction proceedings here as they are not relevant to the pending dispositive motion.

On October 7, 2014, Petitioner filed the instant petition. Dkt. 1.

**DISCUSSION**

**I.    RESPONDENT'S MOTION TO DISMISS**

A claim presented in a second or successive petition for a writ of habeas corpus pursuant to

1   28 U.S.C. § 2254 must be dismissed if presented in a prior petition. *See* 28 U.S.C. § 2244(b)(1);
2   *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999). Section 2244(b) applies when a court
3   has disposed of a previous petition *on the merits*. *See* 28 U.S.C. § 2244(b)(1) (emphasis supplied).
4   As a consequence, a petitioner must obtain an order from the court of appeals which authorizes the
5   district court to consider any second or successive petition before that petitioner can file such a
6   petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such an order, a district court must dismiss the
7   successive petition, including any new claims raised in that petition. *See id.* § 2244(b)(2).

Here, Respondent contends that the instant petition is successive because Petitioner has filed a prior federal habeas petition, which challenged the same underlying state conviction. Dkt. 13 at 3. In his previous federal habeas action, Case No. C 98-2013 MMC (PR), Judge Maxine M. Chesney denied the petition on the merits. Dkt. 28 in Case No. C 98-2013 MMC (PR). Respondent contends this Court has no jurisdiction to consider the instant renewed application for relief because Petitioner has made no showing that he obtained an order from the Ninth Circuit allowing him to file a successive petition. Dkt. 13 at 3. Thus, Respondent asserts the petition must be dismissed as successive under 28 U.S.C. § 2244(b). *Id.*

In his opposition, Petitioner does not deny that he filed a previous federal habeas petition which was denied on the merits, as shown by Respondent. However, Petitioner argues that the instant petition is not a second or successive petition because it is based on new *Brady*[1] claims. Dkt. 14 at 6-10.

A new claim presented in a second or successive petition under 28 U.S.C. § 2254 that was not presented in a prior petition must be dismissed unless it satisfies one of two sets of requirements. Under section 2244(b)(2)(A), the district court must dismiss a newly-presented claim in a second or successive petition unless the applicant "shows" that the "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2244(b)(2)(A). Meanwhile, section 2244(b)(2)(B) permits a newly presented claim where:

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

*See* 28 U.S.C. § 2244(b)(2)(B). To survive dismissal as a second or successive petition under this exception, a petitioner must make a prima facie showing that "his claim (1) is based on newly discovered evidence and (2) establishes that he is actually innocent of the crimes alleged." *King v. Trujillo*, 638 F.3d 726, 729-30 (9th Cir. 2011) (per curiam). "A prima facie showing is a sufficient showing of possible merit to warrant a fuller exploration by the district court, and we will grant an application for [a second or successive] petition if it appears reasonably likely that the application satisfies the stringent requirements for the filing of a second or successive petition." *Bible v. Schriro*, 651 F.3d 1060, 1064 n.1 (9th Cir. 2011) (per curiam) (internal quotation marks omitted).

There is some uncertainty regarding how the second or successive restrictions apply with respect to *Brady* claims. Several circuits have ruled that second-in-time claims arising under *Brady* are not exempt from the second or successive restrictions. *See Quezada v. Smith*, 624 F.3d 514, 520 (2nd Cir. 2010) (applying section 2244(b) to *Brady* claim); *In re Siggers*, 615 F.3d 477, 479 (6th Cir. 2010) (same); *Tompkins v. Sec'y, Dept. of Corr.*, 557 F.3d 1257, 1259-60 (11th Cir. 2009); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000) (same); *see also Johnson v. Dretke*, 442 F.3d 901, 911 (5th Cir. 2006) ("a successive petitioner urging a *Brady* claim may not rely solely upon the ultimate merits of the *Brady* claim in order to demonstrate due diligence under [section] 2244(b)(2)(B) where the petitioner was noticed pretrial of the existence of the factual predicate and of the factual predicate's ultimate potential exculpatory relevance").

The Ninth Circuit in *King*, on the other hand, has "recognized that a *Brady v. Maryland* violation claim in a habeas petition may not be subject to the 'clear and convincing standard' [under section 2244(b)(2)(B)(ii)], provided the newly discovered evidence supporting the claim [i]s 'material' under *Brady*." *King*, 638 F.3d at 729 (citing *United States v. Lopez*, 577 F.3d 1053, 1066-68 (9th Cir. 2009) (leaving open the question of whether meritorious *Brady* claims that

would have been reviewable under the pre-AEDPA prejudice standard are subject to section 2244(b)(2)(B)(ii))).

In *Lopez*, the federal prisoner argued that the United States Supreme Court's decision in *Panetti v. Quarterman*, 551 U.S. 930 (2007), holding that competency-to-be-executed claims based on *Ford v. Wainwright*, 477 U.S. 399 (1986), are exempt from AEDPA's second or successive requirements, established that *Brady* claims are exempt from the second-or-successive restrictions as well. *Lopez*, 577 F.3d at 1066. The government, on the other hand, argued that all second-in-time *Brady* claims are subject to the second or successive restrictions because they are second or successive claims that rely on "newly discovered" evidence. *Id.* In considering both arguments, the Ninth Circuit observed that the Supreme Court has not always read "second or successive" literally. *Id.* at 1062. The Ninth Circuit also noted that in *Panetti*, the Supreme Court held "[t]he phrase 'second or successive' is not self-defining." *Id.* (quoting *Panetti*, 551 U.S. at 943). Responding to the government's argument, the *Lopez* court stated that under a literal reading of "second or successive" in AEDPA,

> federal courts would lack jurisdiction to consider any second-in-time *Brady* claims unless petitioner demonstrates by clear and convincing evidence that no reasonable factfinder would have found petitioner guilty of the offense had the newly discovered evidence been available at trial. If [section 2244(b)]² applies literally to every second-in-time *Brady* claim, federal courts would be unable to resolve an entire subset of meritorious *Brady* claims: those where petitioner can show the suppressed evidence establishes a *reasonable probability* of a different result and is therefore material under *Brady*, but cannot, under [section 2244(b)(2)]'s more demanding prejudice standard, show that the evidence establishes by *clear and convincing evidence* that no reasonable juror would have voted to convict petitioner.

*Lopez*, 577 F.3d at 1064 (emphasis in original) (citations omitted and footnote added). The effect, the Ninth Circuit concluded, was the "perverse result" of foreclosing federal review of some meritorious claims and rewarding prosecutors for failing to meet their constitutional disclosure obligations under *Brady*. *Id.* at 1065.

---

² *Lopez* was a section 2255 case, and the Ninth Circuit was applying section 2255(h)'s gateway in that case; however, the court of appeals treats the section 2244(b) gateway identically. *See United States v. Villa-Gonzalez*, 208 F.3d 1160, 1165 (9th Cir. 2000).

4

Ultimately, however, the *Lopez* court declined to resolve the issue regarding whether meritorious *Brady* claims were categorically exempt from AEDPA's second or successive petition provisions, holding that "[e]ven if *Panetti* could be viewed as supporting an exemption from AEDPA's gatekeeping provisions for meritorious *Brady* claims, such a rule would not benefit Lopez, because we conclude (1) that *Brady* claims that fail to establish materiality (and therefore lack merit) are subject to AEDPA's gatekeeping provisions and (2) that Lopez has failed to establish materiality." *Id.*

As noted above, recently and subsequent to *Lopez*, the Ninth Circuit in *King*, again suggested that the section 2244(b)(2) second and successive restrictions do not necessarily apply to meritorious *Brady* claims. *King*, 638 F.3d at 729.

The Court finds that to the extent an exception to section 2244(b)(2) exists for *Brady* claims, as suggested by the Ninth Circuit, this may be a case that would fit that exception. *See id.* In his reply, Respondent claims that he "ha[s] found no case holding that *Brady* claims are excepted from [the] requirement[]" of first obtaining permission from the court of appeals before filing "second-in-time petitions raising claims that were not raised in a prior petition." Dkt. 15 at 2. Thus, Respondent has not considered whether this case fits into the aforementioned exception as recognized by the Ninth Circuit in *King*, 638 F.3d at 729. Therefore, the Court DENIES Respondent's motion to dismiss without prejudice to renewing the motion so as to address whether this case fits the exception to section 2244(b)(2) as recognized by the Ninth Circuit in *King*. The parties shall abide by the briefing schedule outlined below.

## II. PETITIONER'S MOTION FOR DISCOVERY AND EVIDENTIARY HEARING

Petitioner requests discovery and an evidentiary hearing on his aforementioned *Brady* claims. Dkt. 3 at 1. Respondent has not responded to Petitioner's requests.

Under the AEDPA express limitations are imposed on the power of a federal court to grant an evidentiary hearing. The habeas statute provides that a district court may not hold an evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in state court unless petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual

5

predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

Even if an evidentiary hearing is permitted because a prisoner was able to clear the hurdle posed by section 2254(e)(2), one is not required. *Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000). The district court retains discretion whether to hold an evidentiary hearing or to expand the record with discovery and documentary evidence instead. *Williams v. Woodford*, 384 F.3d 567, 590 (9th Cir. 2004). This permissible intermediate step may avoid the necessity of an expensive and time consuming hearing in every habeas corpus case. *Id.* at 590-91.

Here, it is not clear to the Court that the facts which Petitioner seeks to develop could not be gathered other than by way of an evidentiary hearing, through the use of discovery and supplementation of the record. *See Downs*, 232 F.3d at 1041. In any event, the Court is allowing Respondent to file a renewed motion to dismiss. Accordingly, the request for an evidentiary hearing is DENIED without prejudice as premature.

The Court now turns to Petitioner's discovery request relating to his *Brady* claims. Rule 6 of the Federal Rules Governing Section 2254 Cases allows a habeas petitioner to invoke the processes of discovery available under the Federal Rules of Civil Procedure if the Court grants leave to do so. The Court may grant leave for discovery "in the exercise of [its] discretion and for good cause shown." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908-09, citing *Harris v. Nelson*, 394 U.S. 287, 300 (1969).

At this point in the proceedings, the Court finds his discovery request premature. Again, the Court is allowing Respondent to file a renewed motion to dismiss. If Respondent chooses not to file a motion to dismiss and instead files an answer to the petition, then Petitioner might be able to again argue that he is entitled to discovery on this matter. Therefore, the Court DENIES Petitioner's discovery request without prejudice to renewing it at that time.

6

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Respondent's motion to dismiss the instant petition as second or successive under 28 U.S.C. § 2244(b) is DENIED. Dkt. 13. The denial is without prejudice to filing a renewed motion addressing whether this case fits the exception to section 2244(b)(2) as recognized by the Ninth Circuit in *King v. Trujillo*.

2. In order to expedite these proceedings, the Court shall reinstate its November 17, 2104 Order to Show Cause. Dkt. 7.

3. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

5. As mentioned above, Respondent may file a renewed motion to dismiss to address the issue above. The renewed motion shall be filed no later than **twenty-eight (28) days** from the date of this Order.

If Respondent files a renewed motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the renewed motion within **twenty-eight (28) days** of receipt of the renewed motion.

Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

6. Petitioner's motion for discovery and an evidentiary hearing is DENIED without prejudice. Dkt. 3.

7

7. This Order terminates Docket Nos. 3 and 13.

IT IS SO ORDERED.

Dated: May 14, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge