UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. BROWN,<br><br>    Petitioner,<br><br>v.<br><br>DEBBIE ASUNCION, Acting Warden,[1]<br><br>    Respondent. | Case No. 14-cv-04497-YGR (PR)<br><br>**ORDER GRANTING RESPONDENT'S RENEWED MOTION TO DISMISS PETITION AS SUCCESSIVE; AND GRANTING CERTIFICATE OF APPEALABILITY** |

Petitioner Gregory L. Brown, a state prisoner, filed the instant *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Before the Court is Respondent's renewed motion to dismiss the instant petition as successive under 28 U.S.C. § 2244(b). Dkt. 18. Petitioner filed an opposition to the renewed motion. Dkt. 19. Respondent filed a reply and two addendums to the reply. Dkts. 20, 21, 25.

Having read and considered the papers submitted and being fully informed, the Court GRANTS Respondent's renewed motion and DISMISSES the petition as successive.

**I.     BACKGROUND**

In 1995, Petitioner was sentenced to fifty-six years to life in state prison, following his conviction of conspiracy to commit first degree murder and attempted first degree murder.

Thereafter, Petitioner unsuccessfully pursued direct and collateral review in state court. The Court does not detail Petitioner's state post-conviction proceedings here as they are not relevant to the pending renewed dispositive motion.

On October 7, 2014, Petitioner filed the instant petition. Dkt. 1.

On November 17, 2014, the Court issued an order to show cause. Dkt. 7.

On February 6, 2015, in lieu of an answer, Respondent moved to dismiss the instant petition as successive because Petitioner filed a prior federal habeas petition, which challenged the

---

[1] Debbie Asuncion, the current warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1   same underlying state conviction. Dkt. 13 at 3. In Petitioner's previous federal habeas action,
2   Case No. C 98-2013 MMC (PR), Judge Maxine M. Chesney denied the petition on the merits.
3   Dkt. 28 in Case No. C 98-2013 MMC (PR). In his opposition to that motion to dismiss, Petitioner
4   did not deny that he filed a previous federal habeas petition, but argued that the petition was not a
5   second or successive petition because it is based on new *Brady*[2] claims. Dkt. 14 at 6-10.
6   In an Order dated May 14, 2015, the Court denied Respondent's motion to dismiss without
7   prejudice to renewing the motion to address "whether this case fits the exception to section
8   2244(b)(2) as recognized by the Ninth Circuit in *King v. Trujillo*.[3]" Dkt. 17 at 7.
9   On June 11, 2015, Respondent filed the instant renewed motion to dismiss the petition as
10  successive. Dkt. 18. On June 29, 2015, Petitioner filed his opposition to renewed motion. Dkt.
11  19. Thereafter, Respondent filed a reply and two addendums to the reply.[4] Dkts. 20, 21, 25.

## II.    DISCUSSION

A claim presented in a second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be dismissed if presented in a prior petition. *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999). Section 2244(b) applies when a court has disposed of a previous petition *on the merits*. *See* 28 U.S.C. § 2244(b)(1) (emphasis supplied). Under that section, a petitioner must obtain an order from the court of appeals which authorizes the district court to consider any second or successive petition before that petitioner can file such a petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such an order, a district court must dismiss the successive petition. *See id.* § 2244(b)(2).

Further, a new claim presented in a second or successive petition under 28 U.S.C. § 2254 that was not presented in a prior petition must also be dismissed unless it satisfies one of two sets

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

[3] *King v. Trujillo*, 638 F.3d 726, 729-30 (9th Cir. 2011) (per curiam).

[4] On February 9, 2016, Petitioner informed the Court that he had not received a copy of the second addendum to the reply, which had been sent to Salinas Valley State Prison, where he was previously incarcerated. Dkt. 29. However, also on February 9, 2016, Respondent filed a notice entitled, "Re-Service of Second Addendum to Reply," which indicates that another copy of the second addendum to the reply had been sent to Petitioner's current address, CSP-Los Angeles County. Dkt. 28.

of requirements. The first set requires dismissal unless the applicant "shows" that the "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2244(b)(2)(A). The second set allows a newly presented claim where:

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

*See* 28 U.S.C. § 2244(b)(2)(B).

In its May 14, 2015 Order, the Court noted that there was "some uncertainty regarding how the second or successive restrictions apply with respect to *Brady* claims," stating as follows:

> Several circuits have ruled that second-in-time claims arising under *Brady* are not exempt from the second or successive restrictions. *See Quezada v. Smith*, 624 F.3d 514, 520 (2nd Cir. 2010) (applying section 2244(b) to *Brady* claim); *In re Siggers*, 615 F.3d 477, 479 (6th Cir. 2010) (same); *Tompkins v. Sec'y, Dept. of Corr.*, 557 F.3d 1257, 1259-60 (11th Cir. 2009); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000) (same); *see also Johnson v. Dretke*, 442 F.3d 901, 911 (5th Cir. 2006) ("a successive petitioner urging a *Brady* claim may not rely solely upon the ultimate merits of the *Brady* claim in order to demonstrate due diligence under [section] 2244(b)(2)(B) where the petitioner was noticed pretrial of the existence of the factual predicate and of the factual predicate's ultimate potential exculpatory relevance").
>
> The Ninth Circuit in *King*, on the other hand, has "recognized that a *Brady v. Maryland* violation claim in a habeas petition may not be subject to the 'clear and convincing standard' [under section 2244(b)(2)(B)(ii)], provided the newly discovered evidence supporting the claim [i]s 'material' under *Brady*." *King*, 638 F.3d at 729 (citing *United States v. Lopez*, 577 F.3d 1053, 1066-68 (9th Cir. 2009) (leaving open the question of whether meritorious *Brady* claims that would have been reviewable under the pre-AEDPA prejudice standard are subject to section 2244(b)(2)(B)(ii))).
>
> In *Lopez*, the federal prisoner argued that the United States Supreme Court's decision in *Panetti v. Quarterman*, 551 U.S. 930 (2007), holding that competency-to-be-executed claims based on *Ford v. Wainwright*, 477 U.S. 399 (1986), are exempt from AEDPA's second or successive requirements, established that *Brady* claims are exempt from the second-or-successive restrictions as well. *Lopez*, 577 F.3d at 1066. The government, on the other hand,

3

argued that all second-in-time *Brady* claims are subject to the second or successive restrictions because they are second or successive claims that rely on "newly discovered" evidence. *Id.* In considering both arguments, the Ninth Circuit observed that the Supreme Court has not always read "second or successive" literally. *Id.* at 1062. The Ninth Circuit also noted that in *Panetti*, the Supreme Court held "[t]he phrase 'second or successive' is not self-defining." *Id.* (quoting *Panetti*, 551 U.S. at 943). Responding to the government's argument, the *Lopez* court stated that under a literal reading of "second or successive" in AEDPA,

> federal courts would lack jurisdiction to consider any second-in-time *Brady* claims unless petitioner demonstrates by clear and convincing evidence that no reasonable factfinder would have found petitioner guilty of the offense had the newly discovered evidence been available at trial. If [section 2244(b)][5] applies literally to every second-in-time *Brady* claim, federal courts would be unable to resolve an entire subset of meritorious *Brady* claims: those where petitioner can show the suppressed evidence establishes a *reasonable probability* of a different result and is therefore material under *Brady*, but cannot, under [section 2244(b)(2)]'s more demanding prejudice standard, show that the evidence establishes by *clear and convincing evidence* that no reasonable juror would have voted to convict petitioner.

*Lopez*, 577 F.3d at 1064 (emphasis in original) (citations omitted and footnote added). The effect, the Ninth Circuit concluded, was the "perverse result" of foreclosing federal review of some meritorious claims and rewarding prosecutors for failing to meet their constitutional disclosure obligations under *Brady*. *Id.* at 1065.

Ultimately, however, the *Lopez* court declined to resolve the issue regarding whether meritorious *Brady* claims were categorically exempt from AEDPA's second or successive petition provisions, holding that "[e]ven if *Panetti* could be viewed as supporting an exemption from AEDPA's gatekeeping provisions for meritorious *Brady* claims, such a rule would not benefit Lopez, because we conclude (1) that *Brady* claims that fail to establish materiality (and therefore lack merit) are subject to AEDPA's gatekeeping provisions and (2) that Lopez has failed to establish materiality." *Id.*

As noted above, recently and subsequent to *Lopez*, the Ninth Circuit in *King*, again suggested that the section 2244(b)(2) second and successive restrictions do not necessarily apply to meritorious *Brady* claims. *King*, 638 F.3d at 729.

The Court finds that to the extent an exception to section

---

[5] *Lopez* was a section 2255 case, and the Ninth Circuit was applying section 2255(h)'s gateway in that case; however, the court of appeals treats the section 2244(b) gateway identically. *See United States v. Villa-Gonzalez*, 208 F.3d 1160, 1165 (9th Cir. 2000).

2244(b)(2) exists for *Brady* claims, as suggested by the Ninth Circuit, this may be a case that would fit that exception. *See id.*

Dkt. 17 at 3-5 (footnotes renumbered). As explained above, the Court allowed Respondent to renew the motion to dismiss and directed him to "address[] whether this case fits the exception to section 2244(b)(2) as recognized by the Ninth Circuit in *King v. Trujillo*." *Id.* at 7.

In the renewed motion to dismiss, Respondent continues to argue that the petition should be dismissed as successive because no such exception to section 2244(b)(2) exists, stating as follows:

> As respondent noted in his original motion, no case has held that *Brady* claims of any sort are excepted from the requirements of 28 U.S.C. § 2244(b). *United States v. Lopez*, 577 F.3d 1053 (9th Cir. 2009), is not to the contrary. There, the court held in the context of the analogous gatekeeping provisions of 28 U.S.C. § 2255(h) that "*Brady* claims are not categorically exempt from AEDPA's gatekeeping provisions and that second-in-time *Brady* claims that do not establish materiality of the suppressed evidence are subject to dismissal under § 2255(h)(1)." *Lopez*, 577 F.3d at 1066. In other words, under *Lopez*, second-in-time habeas petitions raising *Brady* claims not establishing materiality must be dismissed under 28 U.S.C. § 2244(b) if permission to file the petition has not been obtained from the court of appeals. *See Lopez*, 577 F.3d at 1066.

Dkt. 18 at 3. Respondent adds that "the Ninth Circuit has theorized that an exception to section 2244(b) might exist for *Brady* claims establishing materiality, but has not had occasion to decide the question." *Id.* Therefore, Respondent argues that this Court lacks jurisdiction to decide such an issue and consider the petition, stating:

> Respectfully, a holding establishing for the first time in any circuit a new exception to § 2244(b) for *Brady* claims demonstrating materiality should come from the court of appeals in the first instance. This is particularly so where, as here, it is the court of appeals that serves as the gatekeeper for second-in-time habeas petitions. This Court currently lacks jurisdiction to address the petition, and should not create jurisdiction by creating new law not yet established by the court of appeals.
>
> Even assuming, arguendo, an exception to 28 U.S.C. § 2244(b) exists for *Brady* claims, the court of appeals, not this Court, should determine whether the exception applies. Even under the exception theorized in *Lopez*, *supra*, there still remains a standard to be met—"materiality" of the withheld evidence—to establish whether an exception applies. *See United States v. Lopez*, 577 F.3d at 1066-67. Hence, just as the court of appeals determines whether a petitioner has made a prima facie case of satisfying § 2244(b), that court should be the one to determine whether a petitioner has established materiality of the allegedly withheld evidence, and thus whether § 2244(b) applies at all for a given case.

5

| | |
|---|---|
| 1 | Absent such an order, this Court lacks jurisdiction to consider the petition. |

*Id.* at 4. Finally, Respondent argues that "even if this Court were to establish an exception for *Brady* claims establishing materiality, it could only do so if petitioner can meet his burden of showing that the withheld evidence was material." *Id.* Respondent stresses that if Petitioner cannot meet such a burden, then "this Court has no jurisdiction to address the petition." *Id.* (citing *Lopez*, 577 F.3d at 1066.)

In his opposition to the renewed motion, Petitioner bases his case for materiality on copies of letters from the San Francisco District Attorney's Office to the San Francisco Public Defender's Office stating, in essence, that there is evidence in three officers' files that may constitute *Brady* material for some cases. Dkt. 19 at 6; s*ee also* Dkt. 14 at 2-3; Dkt. 1-2 at 9, 11, 13. Those officers from the San Francisco Police Department are: Sergeants Michael Hutchings and Wallace Gin, and Police Officer Pamela Hockett. *See id.*

In the reply and addendums to the reply, Respondent argues that the letters to which Petitioner refers "do not concede or establish that *Brady* material exists, but rather that it may exist depending on, inter alia, each officer's role in a given case." Dkt. 20 at 2. Moreover, since the filing the renewed motion to dismiss, Respondent and the San Francisco County District Attorney's Office have reviewed the material referenced in the letters pertaining to the three officers and have concluded there is no evidence that must be disclosed under *Brady*.[6] *See* Dkt. 20 at 2; Dkt. 25 at 2. Therefore, Respondent argues that there is no *Brady* evidence concerning any of the three officers. *Id.*

Upon reviewing the above-referenced arguments by the parties, this Court agrees that as a threshold matter uncertainty remains regarding how the Ninth Circuit would consider second or successive petitions based upon *Brady* claims. Therefore, the Court concludes that it does not have jurisdiction to decide the instant petition.

The Court GRANTS Respondent's renewed motion to dismiss. Dkt. 18. Given the

---

[6] A copy of the material concerning Sergeant Hutchings and Officer Hockett was sent to Victor Blumenkrantz, Petitioner's appellate counsel. Dkt. 20 at 2 note 1. The record does not indicate whether the material concerning Sergeant Gin was similarly sent to Petitioner's appellate counsel. *See* Dkt. 25.

1    deference to the Ninth Circuit, the Court declines to make any determination as to the instant
2    petition or to the alleged *Brady* evidence.
3        Accordingly, the instant petition is thus classified as a successive petition, and an
4    authorization order from the court of appeals is necessary before this Court may consider the
5    instant successive petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  As Petitioner has not presented an
6    order from the Ninth Circuit authorizing this Court to consider any new claims, this Court
7    DISMISSES the instant petition in its entirety under section 2244(b).

### III.    CERTIFICATE OF APPEALABILITY ("COA")

9        "Where a district court has rejected the constitutional claims on the merits, the showing
10   required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable
11   jurists would find the district court's assessment of the constitutional claims debatable or wrong."
12   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Section 2253(c)(1) also applies to an appeal of a
13   final order entered on a procedural question antecedent to the merits, for instance a dismissal of
14   the petition as successive, as here.  *See id.*
15       "Determining whether a COA should issue where the petition was dismissed on procedural
16   grounds has two components, one directed at the underlying constitutional claims and one directed
17   at the district court's procedural holding."  *Id.*  "When the district court denies a habeas petition on
18   procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should
19   issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the
20   petition states a valid claim of the denial of a constitutional right and that jurists of reason would
21   find it debatable whether the district court was correct in its procedural ruling."  *Id.*  As each of
22   these components is a "threshold inquiry," the court "may find that it can dispose of the
23   application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is
24   more apparent from the record and arguments."  *Id.*  Supreme Court jurisprudence "allows and
25   encourages" federal courts to resolve the procedural issue first, as was done here.  *See id.*
26       Reasonable jurists could find debatable whether an exception to section 2244(b) might
27   exist for *Brady* claims establishing materiality.  Therefore, reasonable jurists could also find
28   debatable whether Petitioner met his burden of showing that the withheld evidence relating to the

three officers was material. Moreover, because the Court found in its Order to Show Cause that it did not appear from the face of the petition that it was without merit, then it is reasonably debatable that the claims in the petition are valid. Accordingly, a certificate of appealability is GRANTED as to the aforementioned issues.

## IV. CONCLUSION

For the foregoing reasons, Respondent's renewed motion to dismiss the petition as successive is GRANTED. Dkt. 18. The instant petition is DISMISSED as a successive petition pursuant to 28 U.S.C. § 2244(b). The Clerk of the Court shall enter judgment, terminate all pending motions and close the file.

As explained above, the Court finds that a certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). The Clerk shall provide a copy of this Order to the Ninth Circuit.

This Order terminates Docket No. 18.

IT IS SO ORDERED.

Dated: February 23, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge